BLUE, Acting Chief Judge.
Michael Spector appeals his convictions for possession of cocaine and possession of paraphernalia. He challenges the denial of his dispositive motion to suppress, in which he challenged the validity of the stop of his van by police. Because law enforcement lacked the well-founded suspicion of criminal activity required to support the stop, we reverse.
While observing a parking lot for narcotics activity, a police officer observed a blue van pull into the parking lot. Spector, the driver of the van, was immediately approached by individuals. Spector did not get out of the van and, in less than thirty seconds, drove out of the parking lot. Although the officer saw the van approached by individuals from both the driver’s and the passenger’s sides, the officer observed no exchanges between these individuals and the van’s occupant. The officer was unable to observe any objects, any money, a cupped hand, or the exchange of hand motions. When the van exited the parking lot, the officer radioed for a patrol unit to stop the van. The van was stopped and a crack pipe with cocaine residue and a wooden case used to store marijuana were found in a subsequent search.
In Saadi v. State, 658 So.2d 112 (Fla. 2d DCA 1995), relied on by the State to support the stop, the officer observed Saadi and another male engaged in conversation. “The black male cupped his hand and held it out to [Saadi], [Saadi] looked down into the hand, then began reaching into his front right pocket. Both [Saadi] and another person walked further toward the house [and disappeared from view for a few seconds].” 658 So.2d at 112. Here, the officer observed significantly less than what the officer observed in Saadi. Indeed, the officer in the present case did not observe any on-going or imminent criminal activity.
We conclude that the stop of Spector’s van was not based on a well-founded suspi *54 cion of criminal activity, and the motion to suppress should have been granted. Accordingly, we reverse Spector’s convictions and remand with directions that he be discharged.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.